UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20307-CR-MARTINEZ/AOR

UNITED STATES OF AMERICA,

v.

MARIO RODRIGUEZ,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the undersigned by Orders of Reference issued by the Honorable Jose E. Martinez, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 1086, 1087].  The Orders of Reference require a Report and Recommendation as to the reasonableness of the Fifth Interim Voucher submitted pursuant to the Criminal Justice Act ("CJA") (hereafter, "Fifth Interim CJA Voucher") and Final Payment CJA Voucher by counsel for Defendant Mario Rodriguez ("Defendant").  Upon a thorough review of this matter, the undersigned respectfully recommends that the Fifth Interim CJA Voucher and Final Payment CJA Voucher be approved.

## PROCEDURAL BACKGROUND

In this case, fourteen defendants are charged in a Superseding Indictment [D.E. 193]. The charges in the Superseding Indictment consist of: a RICO conspiracy whose predicate acts include threats of murder, robbery, and drug trafficking; a drug trafficking conspiracy; possession of drugs with intent to distribute; possession/use of firearms in furtherance of drug trafficking crimes and crimes of violence; and Hobbs Act Robbery.  Id.

The Fifth Interim CJA Voucher submitted by Defendant's Attorney Jose Carlos Villanueva ("Attorney Villanueva") requests compensation in the amount of $35,602.00, which consists of $20,146.00 in fees for 143.9 out-of-court hours, and $15,456.00 in fees for 110.4 in-court hours.

The Final Payment CJA Voucher submitted by Attorney Villanueva requests compensation in the amount of $5,166.00, which consists of $5,026.00 in fees for 35.9 out-of-court hours, and $140.00 in fees for 1.0 in-court hours.

Attorney Villanueva was previously paid the amount of $10,256.40, consisting of $10,164.00 in fees for 77.0 out-of-court hours, and $92.40 in fees for 0.7 in-court hours on his First Interim CJA Voucher.

Attorney Villanueva was previously paid the amount of $28,195.20, which consists of $27,535.20 in fees for 208.6 out-of-court hours, and $660.00 in fees for 5.0 in-court hours on his Second Interim CJA Voucher.

Attorney Villanueva was previously paid the amount of $7,367.60, consisting of $7,064.00 in fees for 51.8 out-of-court hours, and $303.60 in fees for 0.5 in-court hour on his Third Interim CJA Voucher.

Attorney Villanueva was previously paid the amount of $55,384.00, which consists of $39,550.00 in fees for 282.5 out-of-court hours, and $15,834.00 in fees for 113.1 in-court hours on his Fourth Interim CJA Voucher.

The CJA Budget approved in the case authorizes for Defendant 1,855 hours at $132 per hour, for a total attorney fees amount of $244,860.00. The attorney fee amount for the First Interim CJA Voucher, the Second Interim CJA Voucher, the Third Interim CJA Voucher, the Fourth Interim CJA Voucher, the Fifth Interim CJA Voucher and the Final Payment CJA

Voucher is $141,971.20.

## APPLICABLE GUIDELINES

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Berger, 498 U.S. 233, 234 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines. The CJA Plan for the Southern District of Florida explicitly states that "[p]ayment of fees and expenses shall be made in accordance with the provisions of the [Guidelines]." The district court, as the body empowered to "fix" the compensation of CJA-appointed counsel, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. § 3006A(d)(5); United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

## DISCUSSION

The Fifth Interim CJA Voucher under consideration reflects the following out-of-court hours by category:

| Category | Hours | Amount ($) |
|---|---|---|
| Interviews and Conferences | 18.3 | 2,562.00 |
| Obtaining and Reviewing Records | 82.8 | 11,592.00 |
| Legal Research and Brief Writing | 16.7 | 2,338.00 |
| Travel Time | 13.5 | 1,890.00 |
| Investigative and Other work | 12.6 | 1,764.00 |
| **Total** | **143.9** | **20,146.00** |

The Final Payment CJA Voucher under consideration reflects the following out-of-court hours by category:

| Category | Hours | Amount ($) |
|---|---|---|
| Interviews and Conferences | 8.8 | 1,232.00 |
| Obtaining and Reviewing Records | 13.2 | 1,848.00 |
| Legal Research and Brief Writing | 4.6 | 644.00 |
| Travel Time | 3.8 | 532.00 |
| Investigative and Other work | 5.5 | 770.00 |
| **Total** | **35.9** | **5,026.00** |

The undersigned has reviewed the time sheets submitted by Attorney Villanueva and finds these hours to be reasonable and within the approved budget amount, taking into consideration the amount already paid under the First Interim CJA Voucher, the Second Interim CJA Voucher, the Third Interim CJA Voucher, and the Fourth Interim CJA Voucher.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Attorney Villanueva's Fifth Interim CJA Voucher be approved in the amount of $35,602.00, which consists of $20,146.00 in fees for 143.9 out-of-court hours, and $15,456.00 in fees for 110.4 in-court hours, and that Attorney Villanueva's Final Payment CJA Voucher be approved in the amount of $5,166.00, which consists of $5,026.00 in fees for 35.9 out-of-court hours, and $140.00 in fees for 1.0 in-court hours. The undersigned further recommends approval of the excess over the statutory cap to provide fair compensation based on the extended/complex work required for effective CJA representation in this case.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996

F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions

of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based

on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

      RESPECTFULLY SUBMITTED in Miami, Florida this ___ day of ~~February~~ March, 2019.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Jose E. Martinez
      Counsel of Record